[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff John F. Nyack, and the defendant Edith B. Nyack, whose maiden name was Berrios, intermarried on December 31, 1983 in Ponce, Puerto Rico. Both of the parties to this marriage have been for more than twelve months preceding the date of this complaint, residents of the state of Connecticut. CT Page 4943
There are no minor children issue of this marriage and none have been adopted.
Neither party is or has been the recipient of public assistance.
Between December 31, 1983 and the date of this complaint the marriage has broken down.
The parties separated finally in May of 1989.
The court takes jurisdiction of this matter and finds that the marriage of these parties is broken down irretrievably and that there is no reasonable hope of reconciliation after having heard and observed the parties and their witnesses.
The court properly considered and weighed the applicability of all relevant statutory factors prior to deciding this case.
The plaintiff had two prior allegedly bad marriages that ended in divorce.
Defendant prior to this marriage had a friendship of long standing with another man that endured through, and after the years of this marriage.
Plaintiff with reason, suspected that defendant committed adultery with this man and others during the course of the marriage and accused her of same. Defendant denied the accusations.
Plaintiff is a police officer and defendant had been a bank manager prior to and during the course of the marriage.
The court has no recourse except to believe that the defendant lied in response to many questions addressed to her by plaintiffs attorney and her own attorney. Many other responses she gave were too coincidental and less than candid. This pattern persisted despite an admonitory reminder from the court that she was testifying under oath.
There was sufficient testimony from the parties for the court to find that the marriage has broken down irretrievably, and that there is no possibility of reconciliation.
Whereupon it is adjudged that the marriage of the parties in this action be and is hereby dissolved, and they are each declared to be single and unmarried. CT Page 4944
The court orders that the defendant shall pay as lump sum alimony to the plaintiff, the sum of ten thousand ($10,000.00) dollars, to partially repay him for the second mortgage home equity loan she helped to involve him in and then defaulted in paying her share of the payments. In addition other incidents came to the courts attention where the defendant took financial advantage of the plaintiff to his monetary detriment. To facilitate the collection of this money, the court orders that a judgment of $10,000.00 be placed against the defendant and collection be made in whatever manner is available. The plaintiff shall pay no alimony to the defendant. Inasmuch as testimony at trial indicated the defendant had collected and kept all of her pension, the court orders that the plaintiff shall keep all of his pension if and when he receives it, and any all claims of defendant against it are to be disallowed.
The court finds that the house at #171 Cove Street in New Haven is the sole property of the plaintiff, as the allegations of the defendant were unproven and unfounded.
Each of the parties may keep whatever cars and personal property, furniture and furnishings that they now have custody of.
Each party is responsible to pay their own bills only.
The plaintiff may keep whatever financial recovery he may receive from the Aiardo action. Defendant has no claim against this action of plaintiffs.
Each party is responsible to pay their own legal expenses only.
The defendant is permitted to have a name change through the court, with notice to the plaintiff to assist him in the collection of the court ordered judgment against her in favor of the plaintiff.
Judgment shall enter as ordered above.
WILLIAM B. RAMSEY STATE TRIAL REFEREE